IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOSHUA ANDREW DARNELL                                          PLAINTIFF

V.                                              Cause No. 3:17-cv-131-GHD-JMV

MILWAUKEE ELECTRIC TOOL CORPORATION                            DEFENDANT

**MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

Before this court is the Defendant Milwaukee Electric Tool Corporation's Motion to Dismiss [Doc. No. 7]. Upon due consideration, the court finds that the motion should be granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joshua Darnell, who is white, alleges that from October 2015 until February 2016, he was employed by Defendant Milwaukee Electric Tool Corporation as a factory worker. Pl. Comp. [Doc. No 1] at ¶ 4. In December 2015, Plaintiff told his manager, who was black, that productivity was down because some of his co-workers, all of whom were black, were under the influence of marijuana. *Id.* at ¶ 6. Plaintiff later told a human resources representative, who was also black, the same thing. *Id.*

Plaintiff claims that after reporting on his co-workers' alleged marijuana use, the co-workers began harassing him by "calling him derogatory names, and accusing him of being gay." *Id.* at ¶ 8. He also claims that those co-workers told management that Plaintiff was harassing the co-workers. *Id.*

Defendant terminated Plaintiff in March 2016, "apparently on the false grounds that he had threatened his co-workers." *Id.* at ¶ 11. Plaintiff alleges the Defendant subsequently hired a black employee to replace him. *Id.* at ¶ 12.

1

After his termination, Plaintiff filed an EEOC discrimination charge, and he received a Notice of Right to Sue on April 20, 2017. EEOC Notice of Right to Sue [Doc. No. 1-2]. He timely filed his compliant in this matter, claiming that Defendant had racially discriminated against him by firing him because of his race and creating a hostile work environment, and that Defendant had fired him for reporting illegal activity. Defendant has now filed this 12(b)(6) motion to dismiss arguing that Plaintiff has failed to sufficiently plead his race discrimination claims, and that the court should refuse to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff has responded. The matter is ripe for review.

## II. STANDARD FOR DISMISSAL UNDER RULE 12(B)(6)

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

"[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out

2

a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## III. ANALYSIS

### A. Wrongful Termination under Title VII and Section 1981

Plaintiff claims that his race was a motivating factor in Defendant's decision to fire him, in violation of Title VII and Section 1981. "The analysis of discrimination claims under § 1981 is identical of analysis of Title VII claims." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017)(citing *Jones v. Robinson Prop. Grp. L.P.*, 427 F.3d 987, 992 *5th Cir. 2005)). To establish a *prima facie* case of discrimination, a plaintiff must show that he (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016).

Defendant argues that Plaintiff has failed to plead the fourth element because he has not, in his complaint, alleged that he was treated less favorably than similarly situated black employees. Plaintiff argues that he has pled the fourth element by alleging that he did not commit the rule

3

violation for which the Defendant terminated him, and alleging that he was replaced by a black employee.

It is not necessary for a plaintiff to "make out a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss." *Raj v. La. State Univ.*, 714 F3d 322, 331 (5th Cir. 2013.) "[T]he *prima facie* case should not be transposed into a rigid pleading standard for discrimination" cases. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507, 122 S. Ct. 992, 995, 152 L. Ed. 2d 1 (2002). However, "[a]llegations related to that *prima facie* inquiry may nonetheless be helpful in satisfying the general *Iqbal* plausibility standard." *Haskett v. Cont'l Land Res., L.L.C.*, 668 F. App'x 133, 134 (5th Cir. 2016)(*Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013)). Thus, were the Court to dismiss Plaintiff's claim because he did not identify similarly situated employees of a different race who were treated differently, it would err "by improperly substituting an 'evidentiary standard' for a 'pleading requirement' ". *Raj*, 714 F.3d at 331(quoting *Swierkiewicz*, 534 U.S. at 512, 122 S. Ct. at 995)).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C § 2000e-2. Section 1981 protects the rights of " '[a]ll persons' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 470, 126 S. Ct. 1246, 1246, 163 L. Ed. 2d 1069 (2006)(quoting 42 U.S.C. § 1981. Thus, to plead a claim for wrongful termination under both Title VII and Section 1981, a plaintiff need only allege facts that, if true, would give rise to a reasonable inference that he was terminated because of his race.

Plaintiff has done so. He alleges that he was a good worker who was qualified for a promotion. Pl. Comp. at ¶ 5. Despite this, the Plaintiff pleads that he was terminated by black supervisors for harassing co-workers, that he in fact did not harass those co-workers, and that he was replaced by a black employee. Taking those assertions as true, this Court could reasonably infer that Defendant terminated Plaintiff because of his race, and therefore his wrongful termination claim may proceed.

### B. Hostile Work Environment

In his complaint, Plaintiff alleges that he was subject to a hostile work environment when his black co-workers began "calling him derogatory names, and accusing him of being gay." *Id.* at ¶ 8. Again the Defendant argues that Plaintiff's claim must be dismissed because he has failed to plead essential elements of his of a hostile work environment claim. The elements a plaintiff must show are:

> (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action.

*E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). Defendant argues that Plaintiff has failed to pled facts that support the third, fourth, and fifth elements of his claims.

Although, as discussed above, it is unnecessary for Plaintiff's initial complaint to establish a *prima facie* case of discrimination, the Court agrees that the Plaintiff has not stated sufficient facts to show that he was subject to harassment based on race, or that his employer should be held liable for it. Plaintiff's alleges that his co-workers began "calling him derogatory names, and accusing him of being gay." Pl. Comp. at ¶ 8. Other than noting that he is white, and his co-workers

5

were black, Plaintiff does not relate the harassment he allegedly received to his race, or allege that the derogatory names he was called were racial in nature.

Further, Plaintiff has failed to plead facts that, if true, could establish his employer's liability for the harassment. Although Plaintiff states in his opposition brief that he had reported the harassment to his supervisor and an HR manager, Plaintiff does not allege that fact in his complaint, and no other facts support an inference that Defendant knew or should have known the harassment was taking place. Plaintiff, therefore, has not pled facts that could establish a hostile work environment claim, and the Court shall dismiss his claim for hostile work environment.[1]

### C. State Law Claim

Defendant finally argues that this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim after it has dismissed Plaintiff's federal claims. Plaintiff state law claim is that a motivating factor in his termination is that he reported an illegal activity.

Under 28 U.S.C. § 1367 this Court may only decline to exercise supplemental jurisdiction over a claim when (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claims over which this Court has original jurisdiction; (3) this court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. This Court has not dismissed Plaintiff's discrimination claims under Title VII and Section 1981, and further finds that

---

[1] The Defendant argues in addition that Plaintiff's EEOC charge does not contain sufficient facts to put the Defendant on notice of his hostile work environment claim, and therefore Plaintiff has failed to exhaust his administrative remedies with respect to that claim. While it is a moot point given the Court's dismissal of this claim as outlined above, the Court notes that it finds that Plaintiff's claim for hostile work environment could be reasonably expected to grow out of his EEOC charge and the Defendant's attempt to procure dismissal of the claim on this basis is therefore denied. Nonetheless, as discussed earlier, the Court finds that the Plaintiff's complaint fails to state a hostile work environment claim linked to race, and the claim will be dismissed on that basis.

the Plaintiff's state law claim does not raise a novel or complex state law issue, does not substantially predominate over the Plaintiff's remaining discrimination claims, and there exists no other compelling reasons to decline jurisdiction. Accordingly, the Court will continue to exercise jurisdiction over the Plaintiff's state law claim.

## IV. CONCLUSION

The Court finds that the Plaintiff has stated sufficient facts to establish a claim that the Defendant terminated him because of his race. The Court also finds that it should continue to exercise supplemental jurisdiction over Plaintiff's state law claim. Accordingly, the Court shall deny the Defendant's motion to dismiss with respect to those claims.

The Court finds, however, that the Plaintiff has not stated sufficient facts to establish that he was subject to race-based harassment at work, or that Defendant knew or should have known of the harassment. Accordingly, the Defendant's motion to dismiss with respect to Plaintiff's hostile work environment claim is granted, and that claim shall be dismissed.

An order in accordance with this opinion shall issue this day.

THIS, the 23rd day of January, 2018.

Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE